John S. Dale, Eliot G. Parkhurst, Edwards and Angell, for receiver.

---

John F. Reynolds
vs.                    } Law No. 1177
Ethel M. R. Rose

November 29, 1926

SUMNER, J. Plaintiff has brought suit to recover damages due to the breaking of a contract for the lease of defendant's hotel to the plaintiff. The jury returned a verdict for the plaintiff in the sum of $2,909.24 and defendant has filed her motion for a new trial.

The plaintiff claimed that he entered into a contract with the defendant for the lease of the Revere Hotel at Narragansett Pier; that when he came to the Pier with his employees to take possession of the hotel, the plaintiff refused to carry out the agreement, and he sought damages for the expenses to which he was put by reason of the action of the defendant.

His claim includes wages advanced to the employees, money for their transportation, settlements which he was obliged to make with them, stationery, advertising and his personal expenses in getting ready to open the hotel.

The plaintiff satisfied the jury that the defendant broke her contract with him, and his testimony was largely corroborated by the correspondence between the parties. The Court is not disposed to interfere with that part of the verdict.

Upon the question of damages sustained by the plaintiff there is little corroboration. He has no books of account showing his disbursements, no checks and only two vouchers for some twenty-seven payments that he claims to have made, and one of these was given to him after this trial had begun. He told Mrs. Rose, the defendant, that he was unable to make even a small payment in advance, on account of the rent, and yet he testifies that he promptly settled with some twenty-four employees whom he had brought to Narragansett Pier to work in the hotel, to the amount of some $1,645. It may be that he did make these settlements, but under the circumstances, the Court feels that they should have been proved by something more than his mere say-so. He claims to have paid, or incurred, two advertising bills aggregating $400, and he does not show even a bill presented to him for those items.

A number of his former employees can apparently be reached, as he gave their addresses; and their dispositions can be taken if their attendance at court cannot be secured. There is a receipt from Mrs. Hurley for $270 for uniforms and railroad fares, but the amount of each item is not given. There is no mention of uniforms in the bill of particulars and it may be that a large part of this item represents railroad fares that have already appeared on his account. The voucher signed by Stapley, which he secured during the progress of the trial, states that he hold the plaintiff's note for $500, dated July 10, 1925, "as guarantee for services." It does not state what services are referred to and its meaning is not clear. Plaintiff says Mrs. Hurley settled with the waitresses and minor help and that he paid her $300 in settlement of her claims but she did not appear in court to corroborate him. He says he settled with all the male help, but has no receipts from any of them except Stapley. In the bill of particulars there are two items, one for "wages

for help hired" and the other "liabilities on account of season contracts with help settled for." The testimony as to these two items is so interwoven that it is impossible to separate them,

The Court feels that there is evidence upon which the sum of $1,467 may properly be allowed. This item includes the amounts paid to Anderson, Dunn, Pettey, Aldrich, Comley, Nezzo, Stapley ($137.14), Labatto and Boyle; also for transportation of help (up to the amount fixed in the bill of particulars), $300 paid Mrs. Hurley personally, his own expenses of $100, and the stationery bill of McCabe & Company. The Court feels that full interest on this sum should not be allowed on account of the absence of books and lack of written evidence, and thinks that $1,500 will, under the circumstances, be a fair allowance.

Accordingly, the defendant's motion for a new trial is granted, unless the plaintiff shall in writing within three days after the filing of this rescript, remit all the verdict in excess of $1,500.

For plaintiff: J. O. Watts.

For defendant: S. J. Casey and P. T. Curran.